case this morning, U.S. v. John Johnson. All right. Hello again, Mr. Drysdale. Hello again, Your Honors. May it please the Court, this is another first step back case, but this one's a little bit different. Mr. Johnson did commit a covered offense, but Mr. Johnson has never had his sentence reduced or imposed in accordance with the Fair Sentencing Act. Thus, he is indeed entitled to a full review of his motion on the merits. And I think the easiest way to understand this particular first step back case is to ask essentially four questions. Did he commit a covered offense, which I think in this case turns on whether a revocation sentence is a covered offense under the First Step Act. Then, has that sentence ever been imposed or reduced in accordance with the Fair Sentencing Act? Third, did Mr. Johnson somehow waive his right to First Step Act relief by not arguing this at the revocation sentencing? And then finally, was the District Court permitted to reach the non-covered offense in his 2020 criminal case? And so, did he commit a covered offense under Section 404A of the First Step Act? I think everybody agrees that the original offense was covered. I don't claiming that revocation sentences, which are part and parcel of the original offense, are not covered under Section 404A of the First Step Act. And here we've got two separate convictions rather than two objects of the conspiracy. Correct. That is correct. So we have this case, the 2021 case, where he's sentenced, serves his term, gets a revocation sentence, and the revocation is based on a new 2020 case. So we're starting with eligibility here in the 2001 case. And the position that revocation sentences aren't covered offenses would require this court to create a massive circuit split and also ignore the Supreme Court's precedent on revocation sentences, particularly Johnson and Heyman. So I don't think the government has given any reason for the creation of that circuit split. In fact, they usually concede that revocation sentences are covered under Section 404B of the First Step Act. I don't see a reason for this court to split, particularly in light of Johnson and Heyman, which very clearly says supervised release penalties relate to the original offense. So if the offense is covered, the question is, is it barred under Section 404C of the First Step Act? And this is where the government now tries to say, well, it is because the revocation sentence in 2020 was imposed in accordance with the Fair Sentencing Act. And I believe their brief says that you can look at the violation memorandum in the revocation to find that information. But if you look at the violation memorandum, it's actually very clear that it was not imposed in accordance with the Fair Sentencing Act. The violation memorandum is Record 88. It says the original offense, distribution of five grams of crack cocaine, is a Class B felony. That's a pre-Fair Sentencing Act penalty because distribution of five grams of crack cocaine is a Class C felony. And you can also see it in the penalty structure. It says the statutory maximum of the revocation is three years under 3553E. That corresponds to a Class B felony, not a Class C felony. So the violation memorandum suggests that this was not imposed in accordance with the Fair Sentencing Act. And I don't see anything. The government hasn't pointed this court to a sentencing transcript, a pleading, the violation memorandum, nothing to show that that revocation sentence was imposed in accordance with the Fair Sentencing Act. The only argument they seem to have, which they have since rejected, is timing. And so I don't see anything in here to suggest that that revocation sentence ever reflected the Fair Sentencing Act. Does a resentencing under the Fair Sentencing Act entail a reduction in the offense level in terms of what class of felony it is? Does it change the underlying judgment? I think what, for the purposes of what we're doing here, I think the operative question is whether there's any evidence that the Fair Sentencing Act was applied to Mr. Johnson to preclude him from moving independently for Section 404B. Right, but you're making an argument that we can infer that the Fair Sentencing Act wasn't applied because the statute of conviction remained unchanged in the judgment, as I understand your argument, right? Yes. And it would necessarily have changed if the Fair Sentencing Act had been applied. That's why I asked the question. And I think that there would be argument then from the revocation hearing about the penalties under the Fair Sentencing Act if that argument were to apply. There's nothing in the record to show that he has ever had his sentence reduced or imposed in accordance with the Fair Sentencing Act. My question is, does a resentencing under the Fair Sentencing Act entail a change in the statute of conviction? It does, because if you resentence somebody under the Fair Sentencing Act and you're comparing the statutory penalties then to what they are now, then we at least need to see something that says, okay, that was a Class B felony then, but it is now a Class C felony. It did carry three years. It now carries two years. There has to at least be a discussion of that if we're going to bar him from an independent 404B motion. And simply, there's just no evidence that that occurred at the revocation hearing. And without that evidence, there is nothing to show that he is not entitled to a 404B motion. And I think the government proceeds along the lines of something that looks a little bit like waiver in the sense of, well, he should have made those arguments at the revocation sentencing, but we don't have to. Section 404B of the First Step Act is its own independent procedural vehicle. He is entitled to that motion if he is eligible, and the government can't force him to make the argument at a revocation hearing, particularly in light of Concepcion, because that, again, would be a restriction under the First Step Act that is not found in its text. So he did not have to present this argument at his revocation hearing. And so that brings us to the fourth question that was at issue in this case, and that is whether the court can reach the sentence in the 2017 case, which we openly admit is a non-covered offense. We do. We admit that that's a non-covered offense. But whether the court can reach that sentence turns on this court's opinion in the United States versus Curtis. And Curtis held that if the sentence on the non-covered offense was imposed as part of a single integrated sentencing package that blends punishment for a covered offense and a non-covered offense, then you can reach the non-covered offense. And the biggest problem here is because the district court found that Mr. Johnson was categorically ineligible, it didn't reach that question. So at minimum, I think we need remand to the district court to determine whether it would exercise its discretion to reach the 2017 case. But what's the answer to the legal question? Is the revocation sentence an integrated package with the sentence for the powder cocaine conviction? I think it's quite clear that it is. When you look at what this court said in Curtis, we look at to see. And that is... Two different judgments. We have one sentencing hearing, one sentencing transcript, one 3553A analysis that applies to both cases. The court rejecting the government's request for consecutive sentences because it said that would be punitive. So the court goes through, if you look at the sentencing transcript, it goes through the whole analysis in the 2017 case, and then basically the 2001 revocation sentence is pretty much one paragraph that just says, and I'm going to impose it concurrently because consecutive would be punitive. But isn't that more a matter of convenience and expediency rather than necessity? Because otherwise, I mean, the court, I guess, could have had two separate sentencing hearings, right? And then made a determination of whether or not the sentences will be served concurrently or consecutively. And to me, that's kind of where the rubber meets the road with regard to the court's determination and why it kind of wanted to have that hearing in the first place. But it seems to me kind of just it was more efficient for the court to do it that way, and yet the court recognized that they were different sentences because, as Chief Judge Sykes noted, there were different judgments, right? And there were kind of different kind of pleadings leading up to it. And to say that it's the decision to make two sentences either go be served concurrently or consecutively, I don't think means that you're integrating the sentences. It just means that the court is trying to, given the conduct, consider under 3553A kind of whether or not the sentences should be consecutive or concurrent. I think what the court is doing is considering the conduct because it was the exact same conduct. Well, it's always the exact same conduct in situations like this, right? That's right, and that's why I think this is always a single integrated sentencing package when it's done like this. If you take out the revocations... So, for example, it could be hypothetically that, you know, there are times when one judge has the underlying conviction, right, for the 2014 offense, and the other judge has the violation of supervised release. And so, you know, both judges have the same hearing, they issue the same sentences, and the judge that deals with supervised release revocation will say, well, you know, given the fact that he's already got blank amount for the underlying offense, I think that my sentence on revocation can be served concurrently rather than consecutively. In that situation, you wouldn't say that the sentences were integrated, right? I think the judge issuing the revocation sentence is still, by statute, required to at least address the 3553A factors and why the judge is imposing that sentence. No, certainly, and let's say the second judge did. But in that factual situation, would you still argue that those sentences were somehow integrated because they involve the same conduct and because the latter judge said that the sentence should be served concurrently rather than consecutively? I would argue that if the latter judge did not conduct an independent 3553A analysis, then yes, absolutely. They're integrated. If the latter judge conducts a full-blown 3553A analysis, then I would say no, they're probably not integrated. But if we look at this case, if you take away the 2020 case, you have one paragraph on the revocation that just says 24 months concurrent. There's no independent 3553A analysis, and there has to be. That's why these are intertwined because you can't untangle them without having a deficient sentence in the revocation case. I'm having a different sort of a problem with your argument, and it is this. I'm trying to get my head around the idea that the revocation sentence, which was imposed as a consequence of your client's powder cocaine dealing, as I understand it, right, and the other violations of the conditions of his release, right? But it relates back to the old crack sentence. Right, under Hayman. And the crack sentence is a covered offense. Is a covered offense. That offense is a covered offense. Correct. That sentence, he served all his prison time. He did. Supervised release. Yes. Went back to dealing drugs, except this time it's powder cocaine, not a covered offense, and commits a bunch of other violations of probation and so is revoked and brought in for resentencing. Plus he picked up the new charge, powder cocaine charge. So it's a covered offense because it relates back to the crack cocaine offense. Correct. But it's also an integrated sentencing package with the new powder cocaine conviction, even though it was not part of the original sentencing package back in whatever it was, 2001, when he picked up the crack offense. Yes, Your Honor. The revocation sentence, which is a covered offense, is integrated with the non-covered offense. When it's really not as a practical matter. It has nothing to do with the original sentencing package for the crack offense, which is the covered offense. You see what I'm driving at? I do. You're asking us to hold this very weird thing in our head at the same time. Right, and I understand that this is a little bit procedurally wonky, but I would submit under Curtis and the standard that this court articulated in Curtis as to when the court can reach a non-covered offense, that this meets it, and I think at the very least the district court needs to make that determination. Well, less charitably it could be said this is bootstrapping. I think less charitably, yes. But I also think that if we look at Curtis, I think it can easily be said that these are intertwined because Curtis rejected the only two arguments the government makes here. That is, well, they have different case numbers, and that the counts weren't grouped together. Curtis says neither of those two things are dispositive. So I think certainly under Curtis this can be viewed as a single integrated sentencing package. Thank you. Thank you. Mr. Miller. May it please the court, counsel. Eugene Miller for the United States. The United States asked this court to affirm the district court's determination that it could not entertain the defendant's first attack motion under 404C. And we also, as we noted in the brief, and I think this court has already alluded to, even if there was an error on that, any such error would be harmless in this case based on the 2017 crime sentenced in 2020 for which the defendant is currently serving his sentence. Regarding section 404C of the act, although the defense states that the government is trying to seek a circuit conflict here by saying that the defendant didn't commit a covered offense in the 2001 revocation, and that's not what the government is saying here at all. We're not seeking to engage in any circuit split. But what, as this court has pointed out, there are, before you even get to determining merits, you have to look at eligibility. And there is section 404C of the act. And section 404C says that a court may not entertain a motion if a defendant seeks to reduce a sentence and the sentence, referring to that sentence, was previously imposed in accordance with the Fair Sentencing Act. And in this case, the sentence that the defendant asked to reduce was that 24-month revocation sentence that was imposed in 2020, a decade after the Fair Sentencing Act penalties had been enacted, two years after the First Step Act had been enacted, after this court had decided corner. So, but what are we to do with the kind of mental gymnastics that Chief Judge Sykes mentioned, that Haman requires, which is that, you know, the revocation sentence is actually not a sentence. It's only part of a sentence. It's part of the 2001 sentence. I think there is some tension there, but the way the United States reads that is that both Johnson and Haman discuss that... And again, the counsel points this out because, for example, the FPD is arguing in other cases the defendant is a different sentence. They deserve a right to a jury trial. And those courts have said it's part of the same penalty, right? It's part of the same penalty, and the United States agrees with that. But we were looking at 404C, the plain language Congress used in 404C, and there they used the term sentence and the sentence. And in context in 404C, looking at this case, the revocation sentence that was imposed, we all use it in plain language, is a different sentence than the initial sentence that was imposed in the 2001 case. In fact, the defendant had completed serving that 2001 sentence, and, in fact, Haman says that. You don't start supervised release until you've completed your term of imprisonment. So for purposes of 404C only, we're not looking at talking about for jury trials or any of that, but in 404C only, when Congress used the term sentence, it makes common sense. There's no mental gymnastics to say, oh, he wants to reduce that 24-month sentence that Judge Shadid imposed in 2020. He's not asking to reduce the sentence that Judge McCuskey imposed back in 2001. That sentence is expired. So for 404C purposes, he is barred because, as Judge Shadid found in ruling on the First Step Back motion, I would note he's the judge who sentenced him in 2020. Judge Shadid found that the sentences that he imposed in 2000, both the 24-month sentence for supervised release in the 2001 case and the 188-month sentence for the 2017 case, were imposed in accordance with the reduced penalties of the Fair Sentencing Act. And, of course, they had to be. They were imposed in 2020, again, a decade after the penalties had changed, two years after the First Step Act, long after this court had ruled in corner. And the defense says that we're barring this defendant, but it's Congress that has decided there are some bars to these First Step Back motions, and those are found in 404C. And Judge Shadid merely applied the plain language of 404C in determining, as the judge who had previously sentenced this defendant, that both of the sentences... Actually, I shouldn't say both because the defendant only brought a First Step Back motion in the 2001 case. He's never brought a First Step Back motion in the 2017 case, likely because, as he's noted, it's not a covered offense. And so Judge Shadid found in ruling on that motion, the 2001 case revocation, that he couldn't entertain the motion because he had previously sentenced that defendant in 2000 in accordance with the penalties of the first sentencing act. And is it clear that the sentence that Judge Shadid imposed for the new offense as well as the revocation, the supervised release revocation, were imposed pursuant to the provisions of the First Step Act? Absolutely for the new case. The new case was only powder cocaine. There was no crack cocaine involved. And that case, there were no objections to the penalties that were set forth. They were the crack penalties set forth in the PSR. The defendant appealed his conviction in the 2017 case but never appealed his sentence in the 2017 case, and he never appealed his sentence in the 2001 case. And so the record is clear that in the new case, the appropriate penalties were applied. Perhaps you're asking about the penalties for the 2001 revocation. Right, both of them. In 2020. One was a powder cocaine, so it's not even under the Act. Right. But for the 2001 revocation, there's an argument that's made by defense counsel here that's also before this court, which both of us argued, in United States v. Cotton last fall. This court hasn't ruled on that decision. The position of the government is that the First Step Act didn't automatically change the prior class of felony of, for example, a 2001 conviction, and those were the penalties that were applied in this case. But the court could consider the reduced penalties under the First Step Act. The defendant's argument in the Cotton case, I'm saying counsel, is that the court was required to apply those penalties to reduce the class of felony of the prior conviction, which would reduce the statutory maximum and the guidelines. Okay, so this is the precise question that I was asking, and there's another case that you... Both of you argued. Yes, Your Honor, it's United States v. Cotton, and I would note we are going to file, in researching for this, a 28J letter because the Second Circuit, in a non-presidential opinion, but the Second Circuit decided that precise issue in favor of the government. It found that there the court applied a Class A felony, applied a sentence that the defendant argued was illegal now under the First Step Act, and the Second Circuit said, no, it's a backward-looking statute revocation. As you look at the class of felony at the time of conviction, we don't retroactively apply the changes of the Fair Sentencing Act and the First Step Act. And that's the position of the government in Cotton. So that decision has not rendered by this court, although I don't... Whichever way this court would decide, it wouldn't be dispositive to the government's position. It would be to the defense's position because obviously the court found that the defendant was sentenced in accordance with the Fair Sentencing Act based on what the court sentenced in 2020. In both of the most recent sentencing proceedings. Yes. Powder cocaine, which doesn't apply, and revocation. Exactly. That's correct, Your Honor. And just to quickly go on to this curse argument, I think the court understands the suggestion is basically that any supervised release violation that is imposed now is part of a sentencing package with the underlying offense, and we disagree with that. Obviously, for example, in this case, it wasn't simply powder cocaine. It was testing positive for cocaine. It was leaving the district. It was for lying to police officers. And in this case, of course, there's a convenience. This was a case that was sentenced during COVID in 2020 to retained attorneys from Chicago who came down for the sentencing hearing and wanted, of course, both the sentencing hearing and the revocation hearing held at the same time. They were, but the court did pronounce separate sentences. And in this case, of course, to the defendant's benefit, the defendant received concurrent time. The United States requests a consecutive time as recommended by the guidelines. The court imposed concurrent time. And just to get to the harmless error analysis, I think this is important to consider. At this point here in 2024, the defendant has long served that 24-month revocation sentence. It's over. And the court didn't impose any additional supervised release on that sentence. There is nothing for the court to do at this point on that revocation sentence. Counsel, if we find that the issue is eligibility, have we ever found harmless error on a First Step Act eligibility determination? I don't know the answer to that, Your Honor. But I would ask you to do so in this case because when we look at the facts of this case, again, there's nothing for the court to change on the concurrent supervised release sentence. It's been served. All that leaves is the 2017 offense for which the defendant has never filed a First Step Act motion in that case. The cases, as we know, this isn't, Curtis, those aren't cases that were integrated, and especially in the sense that it was a concurrent sentence. So there is absolutely in the... Even if the court could have considered the reduction of the 24-month concurrent sentence, it simply does the defendant no good unless, to use this court's words, the defendant is able to bootstrap that 2001 case to seek a reduction in 2017. So what you're saying is that the defendant has served out completely the 2001 sentence now. Yes, in fact, he was in custody from the time of his arrest because of COVID and other delays in, I believe, 2016. So when he was sentenced in 2020, he'd been in custody three or four years, and because it was made concurrent and only a 24-month sentence, he likely had served that sentence probably at the time that the court imposed that sentence, and he's now just serving time on the 2017 case. And there was no additional supervised release on that 2001 case, so that case is just over. Thank you. Thank you. Mr. Drysdale, I think you had some time left. Maybe not, but I'll give you some time. Thank you, Your Honor. I appreciate it. Judge Koehler, I believe you're absolutely right. This court, and to my knowledge no court, has ever found harmless error on an eligibility determination, and that pretty much forecloses the harmless error argument that the government makes, particularly because there's no hallmarks of harmless error in Judge Mim's opinion. There's nothing that says, I would give the same sentence or do the same thing. What does the fact of the total expiration of the sentence have on this whole argument? He served the 24-month revocation sentence. No more supervised release. That sentence is extinguished, or completely served. So this is kind of an academic argument. Our position is the way that the BOP calculates sentences and the way that they're running together, because he is eligible for relief in this case, that he can file that motion, and the court can then reduce the sentence in the 2017 case. Well, what effect does a completely fully served sentence have? The 2020 or the 2001 sentence has been completely served, including the revocation component of it. There is no more supervised release. He's not even on paper for the offense that you're arguing is an eligible offense. So the sentence just no longer exists. Right. So how can that form the basis of a re-evaluation of a sentencing package when it's not having any effect on the current sentence that your client is serving? Right. Again, Your Honor, our position would simply be that it does have an effect on the sentence that he's serving, because when the court imposes those two sentences together, the court's imposing them as part of a single integrated sentencing package. The court then, under Curtis, can re-evaluate whether the sentence in the 2017 case is appropriate based on the eligibility in the 2001 case. And so under Curtis, we think that's appropriate. And I suppose as a final matter, I would say that when it comes to the question of eligibility, the way the United States is reading sentence in Section 404C of the First Step Act absolutely creates a circuit conflict, and a large one. Every single circuit who has addressed this question has said that revocation sentences are covered if the original offense was covered. In circumstances different from this? I would say yes, that in circumstances different from this. Yes, Your Honor. Okay. Thank you. Thank you. Thanks to both counsel. The case is taken under advisement, and we'll take a brief recess before we move on to our 5th case.